**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION**

| | | |
|---|---|---|
| **CANDACE MEHAN,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CASE NO.** 4:21-cv-33 |
| | § | |
| **CITY OF FORT STOCKTON, TEXAS,** | § | |
| **RYAN SKELTON, INDIVIDUALLY AND** | § | |
| **IN HIS OFFICIAL CAPACITY AS CHIEF** | § | |
| **OF POLICE OF THE FORT STOCKTON** | § | |
| **POLICE DEPARTMENT, AND FRANK** | § | |
| **RODRIGUEZ, III, INDIVIDUALLY AND** | § | |
| **IN HIS OFFICIAL CAPACITY AS CITY** | § | |
| **MANAGER FOR THE CITY OF FORT** | § | |
| **STOCKTON, TEXAS,** | § | |
| **Defendants.** | § | |

## DEFENDANTS' NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, the CITY OF FORT STOCKTON, TEXAS, RYAN SKELTON, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE FORT STOCKTON POLICE DEPARTMENT, AND FRANK RODRIGUEZ III, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CITY MANAGER FOR THE CITY OF FORT STOCKTON, TEXAS ("Defendants") hereby removes the above-captioned action to this Court from Cause No. P-12754-112-CV in the 112th District Court of Pecos County, Texas. This Court has original jurisdiction under 28 U.S.C. § 1331 and 1367.

## GROUNDS FOR REMOVAL

**A.   FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION**

1.      Plaintiff is bringing suit against Defendants alleging the following causes of action:

   (a.)    A violation of Mehan's Due Process rights under the United States Constitution as authorized under 42 U.S.C. § 1983.

(b.)    A violation of Mehan's First Amendment rights under the United States Constitution as authorized under 42 U.S.C. § 1983.

(c.)    A violation of Article I, Section 8 of the Texas Constitution.

(d.)    A violation of Mehan's right to Equal Protection under the United States Constitution as authorized under 42 U.S.C. § 1983.

(e.)    A violation of Article I, Section 3 and 19 of the Texas Constitution.

2.      Three of the five claims brought by Plaintiff are civil actions arising under the Constitution and laws of the United States. Accordingly, the District Court for the Western District of Texas, Pecos Division has Federal Question Jurisdiction to Claims (a.), (b.), and (d.). *See* 28 U.S.C. § 1331; *see also Gunn v. Minton*, 568 U.S. 251, 257 (2013); *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998).

3.      Although claims (c.) and (e.) are state law claims a federal court may exercise jurisdiction over state law claims when the state law claims are sufficiently related to the federal claims. 28 U.S.C. 1367(a). Here, Supplemental Jurisdiction is appropriate because the state claims are "so related to claims in the action within such original jurisdiction that they or part of the same case or controversy." 28 U.S.C. § 1367(a); *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 558 (2005).

4.      Article I, Section 8 of the Texas Constitution is the state cognate to the federal right to Free Speech. TEX. CONST. Art. I, § 8. Article I, Sections 3 and 19 of the Texas Constitution are the state cognates to the federal rights of Equal Protection and Due Process. TEX. CONST. Art. I, §§ 3, 19. Because Plaintiff is bringing freedom of speech, equal protection, and due process claims under both the United States and Texas Constitutions, the state-law claims are part of the same case and controversy, thus satisfying the requirements of 28 U.S.C. 1367(a). *See City of Chicago v. International College of Surgeons*, 522, U.S.156 164-66 (1997).

**B.     NOTICE OF REMOVAL IS TIMELY**

5.      Plaintiff's Original Petition was served between April 23, 2021 and April 24, 2021. This notice of removal is being filed within 30 days of receipt of the Original Petition and is therefore timely under 28 U.S.C. § 1446(b).

**C.     REMOVAL AND OTHER DOCUMENTS**

6.      Pursuant to 28 U.S.C. § 1446(a), Defendants attach to this notice the following papers, which are all of the process, pleadings, and orders served on it prior to removal of this action:

>    (a.)     Plaintiff's Original Petition, attached hereto as Attachment 1.

>    (b.)     Citations for Each Defendant are attached hereto as Attachment 2.

>    (c.)     Return of Service for Each Defendant are attached hereto as Attachment 3.

>    (d.)     The State District Court's Docket Sheet, attached hereto as Attachment 4.

7.      Undersigned counsel certifies that there were no motions pending and no hearings set as of the date of this Notice of Removal.

8.      Moreover, venue is proper as this Court is in the district and division embracing the place where the action is pending. 28 U.S.C. § 1441(a).

**D.     NOTICE TO PLAINTIFF AND THE STATE COURT**

8.      In accordance with 28 U.S.C. § 1146(d), this Notice of Removal is also being promptly filed with the 112th Judicial District Court, Pecos County, Texas, and served upon Plaintiff's counsel of record.

**E.     JURY DEMAND**

9.      Plaintiff made a jury demand in the state court.

DEFENDANT'S NOTICE OF REMOVAL

## CONCLUSION

WHEREFORE, Defendants CITY OF FORT STOCKTON, TEXAS, RYAN SKELTON, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE FORT STOCKTON POLICE DEPARTMENT, AND FRANK RODRIGUEZ III, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CITY MANAGER FOR THE CITY OF FORT STOCKTON, TEXAS hereby removes the state court action from the 112th Judicial District Court, Pecos County, Texas, to this Court.

Respectfully submitted,

/s/ Nate Brignon
Nate Brignon
State Bar No. 24055214
nbrignon@cbtd.com
Julian E. Whitley
State Bar No. 24108913
jwhitley@cbtd.com

COTTON, BLEDSOE, TIGHE & DAWSON, P.C.
P. O. Box 2776
Midland, Texas 79702
(432) 684-5782
(432) 682-3672 Fax

*Attorneys for Defendants*

DEFENDANT'S NOTICE OF REMOVAL

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this the <u>14th</u> day of May, 2021, I electronically filed the foregoing notice of removal with the clerk of the court using the CM/ECF system which may send notification of such filing to the following emails, and that a full and complete copy hereof was also sent by counsel for Defendant via electronic mail to:

Stephen Dodd
The Law Office of Stephen Dodd, PLLC
P.O. Box 925
Big Lake, Texas 76932
stephen@doddattorney.com

/s/ Nate Brignon
Nate Brignon